IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00767-PSF-MJW

ANTHONY TAPLIN,

    Plaintiff,

v.

SWIFT & COMPANY LIFE INSURANCE PROGRAM,
CIGNA GROUP INSURANCE, and
LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendants.

## ORDER SETTING CASE MANAGEMENT CONFERENCE UNDER F.R.CIV.P. 16

THIS MATTER comes before the Court upon a Complaint filed by the plaintiff seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), particularly 29 U.S.C. § 1132(a)(1)(B) and (e), which was removed to the United States District Court by Notice of Removal filed April 21, 2006. In light thereof, a scheduling conference pursuant to F.R.Civ.P. 16(a) and D.C.COLO.LCivR 16.1 is necessary. It is, therefore,

    ORDERED:

    1.    A scheduling conference is set for **June 13, 2006 at 8:30 a.m.**, in Courtroom A602 of the United States Courthouse located at 901 19th Street, Denver, Colorado. The parties **shall not** prepare or submit a proposed scheduling order;

however, consistent with D.C.COLO.LCivR 16.1, lead counsel shall attend the conference.

2.	At least ten days prior to the scheduling conference, the parties shall stipulate to and file all pertinent ERISA plan documents including summary plan descriptions. At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

3.	At the scheduling conference, the parties shall be prepared to address the following:

(a)	Standard of Review:

- Do the plan documents confer discretion upon the plan administrator to interpret the plan?

- Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

- If under an arbitrary and capricious standard requiring deference to the plan administrator, is there a "conflict of interest" or other "procedural irregularity" that requires the Court to "slide along the scale" with respect to the amount of deference, as required under *Fought v. Unum*, 379 F.3d 997, 1006-07 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1972 (2005).

(b)	Administrative Record:

- What documents comprise the administrative record?

- How much time do the parties need to compile and submit the administrative record?

(c)	Discovery:

- Does the claimant contend that the plan administrator had a conflict of interest in administering the plan? If so, are there facts in dispute concerning this issue?

- Is there a need for discovery?  If so, as to what issues?

(d) Any other issues enumerated in F.R.Civ.P. 16(c).

DATED:  April 25, 2006.

BY THE COURT:

*s: Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge